**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **JAMIEL TYRONE WRIGHTSIL,** ) | |
| **#06012551,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:06-CV-1469-N |
| ) | ECF |
| **NATHANIEL QUARTERMAN, Director,** ) | |
| **Texas Department of Criminal Justice,** ) | |
| **Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for habeas corpus relief brought by a county inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined at the Dallas County Jail in Dallas, Texas. Respondent is the Director of TDCJ-CID. The Court issued process in this case.

Statement of the Case: Petitioner pled guilty to possession of a controlled substance in the 283rd District Court of Dallas County, Texas, in cause number F04-50634, and he was sentenced to two years in TDCJ. (Respondent's Answer at 2 and Exh. A). On November 18, 2005, Petitioner was released to mandatory supervision. (Parole Records submitted by Respondent). On February 2, 2006, he committed two new offenses, possession of a controlled substance and possession of a firearm. (Answer at 7 and Exh. C). On February 8, 2006, a blue warrant was issued and he was arrested the next day. (Answer at 2 and 7, and Parole Records).

An indictment on the new offenses was not filed until August 1, 2006.  (Answer at 7-8 and Exh. C).

Thereafter, on August 10, 2006, Petitioner filed this habeas corpus petition alleging due process violations.  Specifically, he contends that he has not received a preliminary hearing regarding his mandatory supervision revocation, and he has not received written notice of the mandatory supervision violation.

In response to the Court's order to show Cause, Respondent filed an answer seeking dismissal of the petition for failure to exhaust state court remedies and, in the alternative, denial on the merits.  Petitioner has not filed a reply.

<u>Findings and Conclusions</u>:  This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides in pertinent part that a state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his claims.  28 U.S.C. § 2254(b) and (c) (West 2006); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).  The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings."  *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *see also Rhines*, 544 U.S. at 274.  Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court."  *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)).  A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a state  application for a writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

A review of the pleadings in this case reflects that Petitioner has not satisfied the

exhaustion requirement.  It appears that Petitioner did not file a state habeas application pursuant to art. 11.07.  (Exh. B attached to Respondent's Answer).  The Texas Court of Criminal Appeals has, thus, not had an opportunity to consider the claims which Petitioner raises in this action. Therefore, this petition for a writ of habeas corpus remains unexhausted and it should be dismissed.[1]

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state court remedies.  See 28 U.S.C. § 2254(b).

A copy of this recommendation will be mailed to Petitioner.

Signed this 16th day of November, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[1] The Court cautions Petitioner that the 1996 amendment to the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court, see 28 U.S.C. § 2244(d), and that this provision is applicable to this and any subsequent petition that Petitioner may file in this court.